Dear Lt. Negrotto:
Your request for information concerning the confidentiality of juvenile records was forwarded to me for research and reply. You asked the following questions:
 1. May a sheriff's department's detective bureau be given juvenile photographs and fingerprints for investigative purposes by its juvenile division or must a court order first be obtained?
 2. Who may have access to a juvenile record once the juvenile reaches age seventeen?
In response to your first question, the release of confidential juvenile records was recently addressed in La. Attorney General Opinion No. 93-106, which states, in pertinent part, that "juvenile records are, generally speaking, confidential. La. Ch. C. art. 412 provides that `[a]ll records and reports of the court, probation officers, and law enforcement agencies concerning matters or proceedings in [juvenile] court are confidential and shall not be disclosed except' in limited circumstances."
One exception to this rule of confidentiality is set out in La. Ch. C. art. 412(D): "[r]eports and records concerning matters or proceedings under the juvenile jurisdiction of the court may . . . be released to a peace officer, probation officer, district attorney, or employee of the office of community services or office of juvenile services in connection with the performance of his duties." La. Ch. C. art. 412(D) does not require a court order for disclosure.
Therefore, in answer to your first question, the detective bureau may be given juvenile photographs and fingerprints for investigative purposes by the juvenile division without a court order; release of such confidential information is allowed pursuant to La. Ch. C. art. 412(D).
Your second question concerns who may have access to a juvenile record once the juvenile reaches age seventeen. These records remain confidential, even after the juvenile reaches age seventeen. Thus, the records may be released only pursuant to one of the exceptions to the confidentiality requirement provided by law. As noted above, pursuant to La. Ch. C. art.412(D), these records may be released to a "peace officer, probation officer, district attorney, or employee of the office of community services or office of juvenile services in connection with the performance of his duties."
La. Ch. C. art. 412(E) also permits the court, for good cause shown, to disclose juvenile records to:
 (1) A child, who has been the subject of any juvenile court proceeding, except an adoption, after he has reached majority, or to his representative.
 (2) Any person, agency, institution or other court upon a particular showing that the information is relevant to a specific investigation or proceeding.
In addition, La. Ch. C. art. 412(F) permits the district attorney to "release information concerning the results of an adjudication and disposition hearing in court to the victim of the delinquent act or his legal representative."
Finally, juvenile records may be disclosed pursuant to a "written waiver by a person seventeen years of age or older who has been the subject of a delinquency proceeding pursuant to Title VIII." La. Ch. C. art. 412(A)(5).
I hope the foregoing has adequately answered your questions. Please do not hesitate to contact our office if we may be of further assistance.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: M. PATRICIA JONES Assistant Attorney General Criminal Division
MPJ/sff